IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

GRENADA LAY                                                                           PLAINTIFF

v.                              CASE NO. 2:10CV00183-JTK

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration                        DEFENDANT

## ORDER

Now pending is the Commissioner's Motion to Dismiss. (Doc. No. 7) He argues that Plaintiff, Grenada Lay, failed to timely commence in this Court her action seeking judicial review of the denial of a claim for disability insurance benefits and supplemental security income. Having received no response from Plaintiff, the Court grants the Commissioner's motion.

42 U.S.C. § 405(g) provides, in part, that an individual aggrieved by a final decision of the Commissioner "made after a hearing to which [such individual] was a party . . . may obtain a review of such decision by a civil action commenced within <u>sixty</u> <u>days</u> after the mailing to him of notice of such decision[.]" (emphasis added). On September 7, 2010, the Appeals Council denied Plaintiff's request for review, rendering the ALJ decision, dated April 19, 2010, the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) & (c). (Doc. No. 5 at 18, 22) Social Security regulations presume that a claimant receives notice of an Appeals Council's denial "[five] days after the date of such notice, unless there is reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Thus, the sixty (60) day time-

limit outlined in §405(g) began on September 12, 2010, or five (5) days after the Appeal's Council's notice of denial on September 7, 2010. In order to timely file a civil action, therefore, Plaintiff must have commenced her suit in this Court on or before November 12, 2010. She did not file her complaint, however, until November 16, 2010. (Doc. No. 2)

Pursuant to § 405(g), the Commissioner may grant a claimant additional time to file beyond the 60-day limit, but the record in this case does not indicate that the Commissioner granted more time, or that Plaintiff ever requested such an extension. In fact, as of the date of this Order, Plaintiff has filed no response of any kind concerning the Commissioner's dismissal motion. Accordingly, the Court sees no reason to exercise its authority to equitably toll the 60-day limit, as Plaintiff appears to have no compelling reason for failing to file her complaint within the required time frame. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (district court's application of equitable tolling principles not inconsistent with intent of Congress in enacting § 405(g)). The Court therefore grants the Commissioner's motion.

IT IS ORDERED that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Dated this 14th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE